IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAIME OBREGON ACOSTA, *individually and on behalf of others similarly situated,*<br><br>    Plaintiff,<br><br>    v.<br><br>SMART ALABAMA, LLC, and AGWM UNITED, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-1209-TWT |

### OPINION AND ORDER

This is a civil rights action. It is before the Court on the Plaintiff's Motion for Joinder and for Leave to File a Second Amended Complaint [Doc. 44]. For the reasons set forth below, the Plaintiff's Motion for Joinder and for Leave to File a Second Amended Complaint [Doc. 44] is DENIED in part and GRANTED in part.

### I. Background

This action arose from the Defendants alleged scheme to unlawfully employ Mexican nationals, such as the Plaintiff Jaime Obregon Acosta, and pay them lower wages than U.S. citizens were paid for the same work. (First. Am. Compl. ¶ 1). More specifically, the Plaintiff alleges that the Defendants "cheated" United States Citizenship and Immigration Services ("USCIS") by securing a TN visa for him and others under the guise that they would be

employed as engineers rather than assembly line workers.[1] (*Id.* ¶¶ 1-2). The Plaintiff alleges that he was then made to work "horrendously long hours on the production line at hourly wages that were a fraction of what the U.S. citizens earned on the same line" and that he was not paid overtime wages. (*Id.* ¶¶ 3-4). The Plaintiff also alleges that Defendants Woon Kim and WK Law committed legal malpractice against him arising out of these same facts, through their actions to secure him a TN visa. (*Id.* ¶ 11).

Based on these facts, the Plaintiff brought several claims against the Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Fair Labor Standards Act ("FLSA") on behalf of himself and similarly situated individuals. (*Id.* ¶¶ 193-245). The Defendants have each moved to dismiss the Plaintiff's First Amended Complaint. [Docs. 31, 33, 35, and 37]. The Court will defer ruling on the Motions to Dismiss at this time. In the Plaintiff's Motion for Joinder and for Leave to File a Second Amended Complaint, the Plaintiff seeks to add Carlos Eduardo Herrera de la Rosa as a named plaintiff to this action. (Mot. for Joinder at 1). Besides adding claims by Mr. Herrera, the Plaintiff's proposed second amended complaint would: (1) add claims for breach of contract, (2) clarify and expand on the RICO claims already present, and (3)

---

[1] A TN visa allows Mexican and Canadian citizens to enter the United States for employment in certain professions, including employment as an engineer. *See* 8 C.F.R. § 214.6(d)(3)(ii).

identify additional damages. (*Id.* at 4-5). The Court will address each issue in turn.

## II.  Legal Standards

"The question of joinder is purely one of procedure and is controlled by the federal rules." *Doyle v. Stanolind Oil & Gas, Co.*, 123 F.2d 900, 903 (5th Cir. 1941).[1] Rule 20 provides that:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (quotation marks omitted).

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

3

"freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v.* Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Although the Defendants insist otherwise, the burden falls on the party opposing amendment to establish futility. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *See* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d

4

ed. July 2022 update).

### III. Discussion

#### A. Joinder

The Plaintiff argues that it is appropriate to join Mr. Herrera to this action because he would assert a claim arising from the same alleged scheme of the Defendants involving the TN visa program, including receiving the same job offer letter and ultimately working in the same production line position. (Mot. for Joinder at 5). The Plaintiff also asserts that he and Mr. Herrera faced the same alleged discrimination in wages and breaches of contract. (*Id.* at 5-6). Thus, the Plaintiff contends, the same questions of fact and law will apply to both his and Mr. Herrera's claims. (*Id.* at 6).

Defendants WK Law and Woon Kim ("WK Defendants") oppose the Plaintiff's Motion for Joinder, arguing that Mr. Herrera's claims do not arise from operative facts common to the Plaintiff's claims. (WK Defs.' Resp. to Mot. for Joinder at 4). In particular, the WK Defendants assert that Mr. Herrera does not allege an attorney-client relationship with them or even that they were involved in his recruitment or TN visa petition preparation. (*Id.* at 6). Defendant SMART Alabama, LLC ("SMART") argues that Mr. Herrera was recruited by a separate staffing company from the Plaintiff and therefore involved different company representatives. (Def. SMART's Resp. to Mot. for Joinder at 2-3). On that basis, SMART asserts, the alleged fraudulent recruitment Mr. Herrera was subjected to was not part of the same transaction

or occurrence as the Plaintiff's, and the Plaintiff seeks additional damages not sought by Mr. Herrera. (*Id.* at 3-4). In any event, SMART contends, any possible benefit to be derived from joining Mr. Herrera to this action would be offset by the potential for confusion of the jury and prejudice to the Defendants. (*Id.*).[2]

The Court finds that Mr. Herrera cannot properly be joined as a Plaintiff in this action under Rule 20. First, Mr. Herrera's claims do not arise from "the same transaction, occurrence, or series of transactions or occurrences" as the Plaintiff's claims. As the Court reads the Plaintiff's First Amended Complaint, the Plaintiff was recruited by, and primarily communicated with, representatives of Defendant AGWM. (First Am. Compl. ¶¶ 78-87). In contrast, Mr. Herrera was recruited by Defendant TESS, with whom the Plaintiff does not allege ever having communicated. (*See, e.g.*, *id.* ¶¶ 50, 78-80). And in the proposed second amended complaint, Mr. Herrera neither asserts a malpractice claim against the WK Defendants nor even alleges that those Defendants ever communicated with him directly. (*See, e.g.*, Mot. for Joinder, Ex. 1 ¶¶ 58, 463-70). The events involving the Plaintiff are not logically related to the events involving Mr. Herrera because there is almost no overlap in the facts or occurrences between the two that would entitle both to institute a legal action against the Defendants. *See Rhodes v. Target Corp.*, 313 F.R.D. 656, 659

---

[2] Defendants AGWM United, LLC ("AGWM") and Total Employee Solution Support, LLC ("TESS") did not file responses to the Motion.

(M.D. Fla. 2016) ("Notably, similar issues of liability alone are not sufficient to warrant joinder; the claims must also share operative facts."). The events giving rise to the Plaintiff's claims, therefore, are separate occurrences from those giving rise to Mr. Herrera's potential claims. *See Alexander*, 207 F.3d at 1323. For that reason, joinder is not proper under Rule 20(a).

Second, even if Mr. Herrera's claims arose from the same transaction or occurrence as the Plaintiff's, joining Mr. Herrera to this action would not further Rule 20's purpose of promoting trial convenience and expeditious resolution. *See id.* Instead, trying Mr. Herrera's claims with the Plaintiffs would likely be unwieldly, requiring testimony of witnesses from TESS or AGWM only as to a specific plaintiff and not the other, as well as requiring evidence from TESS, AGWM, and the WK Defendants only as to a specific plaintiff. Such a trial setup would present a high chance of prejudice to the Defendants—where the jury would be required to consider certain evidence only as to specific plaintiffs—and would likely be confusing to the jury. Therefore, the purposes of Rule 20(a) would be best promoted by declining to join Mr. Herrera to this action.

### B. Leave to Amend

The Plaintiff also seeks leave to file a proposed second amended complaint, which he attached as an exhibit to his motion. (Mot. for Joinder, Ex. 1). In addition to would-be claims on behalf of Mr. Herrera, the proposed second amended complaint adds a claim by the Plaintiff for breach of contract against

7

Defendant SMART, expands the facts and allegations supporting the existing RICO claims, and asserts additional damages. (*See generally id.*; see also Mot. for Joinder at 4). SMART and the WK Defendants' only argument in response is that allowing the proposed amendments would be futile. (Def. SMART's Resp. to Mot. for Joinder at 5-20; WK Defs.' Resp. to Mot. for Joinder at 9-11). Thus, the Court will address only the futility exception.

The WK Defendants argue that the Plaintiff's proposed amendments are futile for two reasons. First, they say, the Plaintiff lacks standing to sue them because he had no property interest in a future immigrant visa. (WK Defs.' Resp. to Mot. for Joinder at 10). Second, the WK Defendants assert that the Plaintiff's malpractice claim is precluded because the Plaintiff failed to comply with the statutory requirements of O.C.G.A. § 9-11-9.1. (*Id.*). Both arguments miss the mark.

In the Court's view, the WK Defendants' standing argument is one best addressed in a fully briefed motion to dismiss rather than as a futility argument in opposition to a motion for leave to amend. In fact, the WK Defendants' opposition to the motion for leave to amend largely incorporates by reference the arguments it presented in its motion to dismiss. But rather than responding to the motions to dismiss, the Plaintiff filed the present Motion, leaving the Court ill-equipped to address the merits of those arguments at this time. This posture favors permitting leave to amend. *See Pinnacle Advert. & Mktg. Grp., Inc.*, 7 F. 4th at 1000 ("[D]istrict courts should

generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute."). Here, the WK Defendants futility arguments are essentially Rule 12(b)(6) arguments in that they are wrapped up in the merits of the Plaintiff's claim, at least as to his RICO claims, and it is unclear at best whether the Plaintiff suffered a cognizable injury sufficient to establish statutory standing under 18 U.S.C. § 1964(c). *See* 6 Wright & Miller, Federal Practice and Procedure § 1487 (denying leave to amend is improper unless the proposed amendment is clearly futile). The case cited by the WK Defendants in support of their argument, *Ray v. Spirit Airlines, Inc.*, supports the Court's conclusion instead because it addressed the standing argument on a Rule 12(b)(6) motion to dismiss. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347-50. And as to their remaining argument, the WK Defendants have not explained why, if granted leave to amend, the Plaintiff would be unable to attach the expert affidavit required under O.C.G.A. § 9-11-9.1 to his amended complaint.

SMART argues that the proposed second amended complaint fails to allege the facts necessary to support the statutory elements of a RICO enterprise. (*See* SMART's Resp. to Mot. for Joinder at 5-17). Additionally, SMART argues that the fatalities of the Plaintiff's RICO claims lead to a lack of personal jurisdiction over it as a Defendant to the Plaintiff's remaining claims. (*Id.* at 20). SMART also contends that leave to amend would be futile because the Plaintiff's state law RICO claims and breach of contract claims are facially deficient. (*Id.* at 17-19). But the proposed second amended complaint

is not clearly futile on its face and, therefore, denying leave to amend would be improper. *See* 6 Wright & Miller, Federal Practice and Procedure § 1487. In particular, the Court notes that this is the Plaintiff's first request for leave to amend his complaint, and it appears to the Court that a more carefully drafted complaint *could* state a RICO claim against SMART. *See Garcia*, 48 F.4th at 1220. The Court will address SMART's arguments in turn.

First, the Court notes that the bulk of SMART's arguments against leave to amend, and specifically the arguments that the proposed second amended complaint fails to allege an ongoing organization, are in regard to Mr. Herrera's proposed claims, as opposed to the claims already presented by Plaintiff Acosta. (*See, e.g.*, SMART's Resp. in Opp. to Mot. for Joinder at 6-8). As the Court has already determined that Mr. Herrera will not be joined to this action, the Court need not address those arguments.

Second, as the Court reads SMART's arguments against the Plaintiff's amendments to his RICO claims, the proposed second amended complaint is futile because it fails to state a viable RICO claim under either federal or state law. These are largely the same arguments that SMART raised in its Motion to Dismiss. (*See generally* SMART's Br. in Supp. of. Mot. to Dismiss). And they would be best addressed in a fully briefed, renewed motion to dismiss. *See, e.g.*, *My Energy Monster, Inc. v. Gawrych*, 2021 WL 2964065, at *2 (M.D. Fla. Mar. 25, 2021). Poignantly, at one point in its response, SMART remarks that the proposed seconded amended complaint does not "cure" an alleged deficiency

that SMART complained of in its Motion to Dismiss. (*See* SMART's Resp. to Mot. for Joinder at 15-16). But the Court has not yet had occasion to determine whether any such deficiency exists, and therefore has not ordered the Plaintiff to so cure. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (noting that until the Court has granted leave to amend, it cannot be said that a plaintiff has failed to cure a deficiency in his pleadings). Moreover, because SMART's personal jurisdiction arguments hinge on the viability of the Plaintiff's RICO claims, the Court declines to address those arguments at this time.

Third, as to the Plaintiff's proposed breach of contract claim, it is the Defendant's burden to establish futility in opposing a motion for leave to amend, and the Defendant's cited cases do not support its proposition. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). In particular, the cases cited by SMART concern breach of contract claims where the breach alleged was the plaintiff's termination. *See Gaines-Varner v. Legal Servs. Ala., Inc.*, 2015 WL 4602878, at *1-2 (M.D. Ala. July 29, 2015); *Felder v. Bradford Health Servs.*, 2008 WL 11424292, at * 3 (N.D. Ala. Oct. 10, 2008). But here, the Plaintiff's proposed breach of contract claim alleges that SMART breached a contract for Acosta's employment in a skilled engineering position by giving him a job on a production line performing manual labor instead. (*See* Mot. for Joinder, Ex. 1 ¶¶ 455-60). SMART's futility argument as to the Plaintiff's proposed breach of contract claim therefore fails

to overcome the presumption in favor of granting leave to amend. Finally, SMART does not argue that it would be prejudiced if leave to amend were granted, nor does it argue that undue delay would result. *See Garcia*, 48 F. 4th at 1220. At most, it appears that granting leave to amend would delay the start of discovery, which does not constitute undue delay.

In granting the Plaintiff leave to file a second amended complaint, however, the Court cautions the Plaintiff that further leave to amend his complaint is unlikely to be granted. As the proposed second amended complaint that the Plaintiff submitted with his Motion asserts claims by Mr. Herrera, the Court will grant the Plaintiff additional time to file a revised second amended complaint that excludes those claims.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Joinder and for Leave to File a Second Amended Complaint [Doc. 44] is DENIED as to his request for joinder and GRANTED as to his request for leave to amend. Plaintiff is DIRECTED to file a revised Second Amended Complaint that excludes claims and allegations by Mr. Herrera within 30 days of the date of this Order.

SO ORDERED, this ___10th___ day of March, 2023.

THOMAS W. THRASH, JR.
United States District Judge